## No. 12,442.

### Colorado National Bank *v.* David et al.

(1 P. [2d] 578)

Decided June 22, 1931.

Mr. Charles R. Enos, Mr. Harold H. Healy, Mr. Theodore A. Chisholm, for plaintiff in error.

Mr. Hamlet J. Barry, Messrs. Bartels & Blood, Mr. Arthur H. Laws, Mr. Thomas H. Gibson, Mr. Milnor E. Gleaves, for defendants in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the court.

The Colorado National Bank sued to foreclose a deed of trust to the public trustee of the City and County of Denver executed by Michael and Mary David; to cancel a release of said deed by the public trustee, and to recover personal judgments against Michael and Mary David and B. E. Van Arsdale for the principal and interest due on said note. To review a judgment for defendants, Michael and Mary David, B. E. Van Arsdale and the Provident Mutual Life Insurance Company of Philadelphia, the bank prosecutes this writ.

On May 20, 1922, Michael and Mary David executed a deed of trust securing their note for $3,000 payable three years after date to the order of Louis A. Siener. Several days thereafter, the Colorado National Bank received said note as collateral security to Siener's indebtedness to the bank. Michael and Mary David at no time knew that the bank held their note. On April 21, 1923, they conveyed the real estate here involved, subject to said deed of trust, to Van Arsdale, who assumed and agreed to pay said note and who, with the bank's knowledge and acquiescence, thereafter made all interest payments to Siener personally. Prior to the maturity of the David note, Van Arsdale arranged to borrow from defendant, the Provident Mutual Life Insurance Company, $3,000, to be secured by a deed of trust, for the purpose of taking up the David note. On June 2, 1925, defendant, Van Arsdale, executed his note and deed of trust for $3,000 to the insurance company and thereafter the insurance company paid $3,000 to Louis A. Siener, who represented himself to be the owner and holder of the note of Michael

240 

and Mary David and Siener thereupon, in consideration of said payment, produced, cancelled and surrendered a note represented by him to be the original Michael and Mary David note, but which in fact was a forgery. Siener at that time also signed and delivered to defendant insurance company a request for the release of the David deed of trust, which release was executed by the public trustee.

The original David note, when delivered to Siener, contained no endorsements thereon. After it had been delivered to the Colorado National Bank as collateral security, with the knowledge and consent of the bank, but without the knowledge or consent of the makers, Michael and Mary David or Van Arsdale, Siener endorsed thereon the following: "This note is extended to May 20, 1928—L. A. Siener." He also endorsed thereon eleven successive interest payments, the last being December 28, 1927, one year and a half after the note's original maturity.

The district court found that the bank, for value in good faith and before maturity, held the genuine note as collateral security to Siener's indebtedness to it; that it permitted Siener to collect the interest on said note, to endorse thereon such payments and to hold himself out as the ostensible owner and holder of said deed of trust; that bank is estopped to deny the payment of said note and that the release of the deed of trust securing the same was properly executed.

The court decreed that defendants, Michael and Mary David, Van Arsdale, Provident Mutual Life Insurance Company, William S. Lail, individually and as former public trustee of the City and County of Denver, be released and dismissed. That the plaintiff have judgment against Siener for $3,480; that the David note be cancelled; that the release of the David deed of trust is valid and that the bank has no interest in said property.

█ The record here presents the single vital question: Did payment to Siener constitute a defense against the bank?

A similar question presented under almost identical circumstances was determined adversely to the bank in the case of *Colorado National Bank v. Rehbein,* 88 Colo. 547, 298 Pac. 952. That decision is here controlling and conclusive of the rights of the litigants in this action.

Judgment affirmed.

MR. JUSTICE CAMPBELL and MR. JUSTICE HILLIARD, specially concurring.

This case presents similar facts to those in *Colorado National Bank v. Rehbein,* 88 Colo. 547, 298 Pac. 952, decided at this term. We dissented in that case upon the ground that notwithstanding the apparent hardship the reversal of it would have worked upon the defendants in error, the decision was violative of age-old doctrines of the law merchant. We felt then that principles of law should not be disturbed even though, as seemed to be the situation there, their application appeared harsh. Our convictions have not undergone any change, but since we now feel bound by the law as determined in that case we announce our concurrence in the present judgment.